UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YULIIA WAGNER,

    Plaintiff,

v.                                       CASE NO. 3:25-cv-849-WWB-SJH

PROSPECT AIRPORT SERVICES, INC.,
et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*.

Upon review, the Court finds that Plaintiff's Complaint, Doc. 1, must be amended or otherwise corrected because it is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by … a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. … The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Accordingly, by no later than **September 5, 2025**, Plaintiff must comply with the requirements of Fed. R. Civ. P. 11(a) and cure the omission of a signature from her pleading.

Defendants' Disclosure Statements, Docs. 14-15, are also improper as they fail to provide sufficient information regarding Defendants' citizenships. Under 28 U.S.C.

§ 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" Defendants' Disclosure Statements do not state their respective states of incorporation or principal places of business and instead merely suggest without explanation that their respective parent corporations are citizens of Delaware. Doc. 14 at 1-2; Doc. 15 at 1-2.[1] Accordingly, Defendants' Disclosure Statements, Docs. 14-15, are **stricken**. On or before **September 5, 2025**, Defendants must file disclosure statements properly identifying their own citizenships.

Additionally, Plaintiff has failed to file a disclosure statement as required by Fed. R. Civ. P. 7.1(a)(2) and Local Rule 3.03. Plaintiff is therefore **directed** to file a disclosure statement on or before **September 5, 2025**. In doing so, Plaintiff should ensure that she properly identifies citizenship, which does not necessarily correspond to residence. *See Trudel v. Biotech*, No. 8:22-cv-1823-TPB-SPF, 2022 WL 17487990, at *1 (M.D. Fla. Dec. 7, 2022). She should also note that "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007).

---

[1] Indeed, Defendants' answers appear inconsistent with any suggestion that Defendants themselves are citizens of only Delaware. Defendant American Airlines, Inc.'s Answer admits the allegation that it is "a Delaware corporation with its principal place of business in Fort Worth, Texas," Doc. 1 at ¶ 4; Doc. 10 at ¶ 4, and Defendant Prospect Airport Services, Inc.'s Answer admits that it "is a corporation incorporated under the laws of the State of Illinois" that does business in Florida (but without stating its principal place of business), Doc. 11 at ¶ 3.

**DONE AND ORDERED** in Jacksonville, Florida, on August 22, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

3